**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CUR NON TRADING, LLC,<br>Plaintiff,<br>v.<br>ABN AMRO CLEARING USA LLC *et al.*<br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:25-cv-17958 (KMW-MJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court on plaintiff Cur Non Trading, LLC's ("Plaintiff") Motion for Reconsideration (ECF No. 36) concerning the Court's March 20, 2026, Memorandum Opinion and Order (ECF No. 34) ("Dismissal Order"), wherein the Court dismissed Plaintiff's Amended Complaint (ECF No. 25) without prejudice for lack of subject matter jurisdiction. The Court has considered the Plaintiff's Motion and, pursuant to Local Civil Rule 78.1(b), will decide the Motion on the papers without oral argument; and

**WHEREAS**, Plaintiff Cur Non Trading, LLC brought this action against ABN AMRO Clearing USA LLC and John Does I-VI ("Defendants") asserting various state law claims stemming from Defendants' alleged mishandling of allocated dividends as Plaintiff's broker. (ECF No. 25 ¶ 4.) In its initial Complaint (ECF No. 1), Plaintiff pled diversity jurisdiction pursuant to 28 U.S.C. § 1332 (*id.* at 11); it alleged that Plaintiff's members are citizens of New Jersey and that Defendants are citizens of Illinois and the Netherlands (*id.* ¶ 8). Shortly thereafter, Defendants filed a letter regarding the Parties' lack of diversity because both of Defendant's Preferred Members are also citizens of New Jersey. (ECF No. 22); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990) (explaining that the citizenship of an LLC is determined by that of its

members); *Lincoln Ben. Life Co. v. AEI Life LLC*, 800 F.3d 412 420 (3d. Cir. 2010). Responsive pleading between the parties followed. (*See* ECF Nos. 23, 24, 26.) Plaintiff then amended its Complaint (ECF No. 25); and

**WHEREAS**, the Court subsequently dismissed Plaintiff's Amended Complaint for lack of subject matter jurisdiction, citing the Parties' lack of complete diversity pursuant to 28 U.S.C. § 1332 (ECF No. 34) and, in error, stating that "[n]either party argue[d] that there is a basis for federal question jurisdiction." (*Id.* at 5 n. 5); and

**WHEREAS**, a motion for reconsideration, although not expressly authorized by the Federal Rules of Civil Procedure, is generally treated as either a (1) motion to alter or amend judgment under Rule 59(e), or (2) motion for relief from judgment under Rule 60(b). *See Rich v. State*, 294 F. Supp. 3d 266, 277 (D.N.J. 2018). "The standard for obtaining relief under Fed.R.Civ.P. 59(e) is a high one." *A.K. Stamping Co. v. Instrument Specialties Co.*, 106 F. Supp. 2d 627 (D.N.J. 2000).

"[A] judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)) (alteration in original); *see also Bernard v. E. Stroudsburg Univ.*, 700 F. App'x 159, 166 (3d Cir. 2017). To support its Motion for Reconsideration based on a clear error of law, Plaintiff must show that when the Court dismissed its Amended Complaint it overlooked either (1) a dispositive factual matter; or (2) a controlling decision of law. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001); and

**WHEREAS**, the Court's Dismissal Order (ECF No. 34) did not address Plaintiff's assertion of federal question jurisdiction (ECF No. 25 ¶ 12) and thus "overlooked" relevant controlling law pursuant to Local Rule 7.1(i); and

**THE COURT NOTING** that in its seven-page Reconsideration Motion, Plaintiff advances complex arguments stating that federal question jurisdiction, 28 U.S.C. § 1331, is proper pursuant to the Supreme Court's ruling in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). (*See* ECF No. 36-1 at 5–6; *see also* ECF No. 25 ¶ 12.) These significant issues require more thorough analysis than the two pages Plaintiff has provided in its opening brief. (*Id.*) The Court will not decide the greater jurisdictional issue before the Court without more fulsome briefing.

**IT IS** on this 16th day of **September, 2026**, hereby:

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 25) is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall submit a brief setting forth the grounds for the Court's exercise of subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and *Grable* **on or before October 6, 2026**; and it is further

**ORDERED** that Defendants shall file an opposition thereto **on or before October 20, 2026**; and it is further

**ORDERED** that Plaintiff may submit a reply, if any, **on or before October 27, 2026.**

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE